IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JON ANN CROMYAK<br>Plaintiff | : | CIVIL ACTION |
| | : | CASE NO.:_____ |
| v. | : | |
| | : | Honorable Judge _____ |
| CONEWAGO POTTSVILLE, and<br>FIRETREE, LTD and CHARLES FRITZ<br>Defendants | : | |

## COMPLAINT—CIVIL ACTION

AND NOW comes Plaintiff, Jon Ann Cromyak, by and through her Attorney, Stanley J. Brassington, and hereby avers to this Honorable Court the following:

## NATURE OF THE CLAIM AND JURISDICTION

1. This is an action involving violation of the Pennsylvania Whistleblower Law 43 P.S. §142 et seq., wrongful discharge, and breach of employment contract. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391 (b) and (c).

## PARTIES

2. Plaintiff, Jon Ann Cromyak is an adult individual with a permanent resident address of 312 South Garfield Avenue, Borough of Schuylkill Haven, County of Schuylkill, Commonwealth of Pennsylvania.

3. Defendant, Conewago Pottsville, is a business owned by Defendant Firetree, LTD, organized and existing under the laws of the Commonwealth of Pennsylvania with a principle business address and domiciles at 202-204 South Centre Street, City of Pottsville, County of Schuylkill, Commonwealth of Pennsylvania.

4. Defendant, Firetree, LTD is an incorporated for non-profit business that receives federal funds, organized and existing under the laws of the Commonwealth of Pennsylvania with a principle business address and domiciles at 800 West Fourth Street, Suite 202, City of Williamsport, County of Lycoming, Commonwealth of Pennsylvania.

5. Defendant, Charles Fritz is an adult individual with a principle permanent business address of 202-204 South Centre Street, City of Pottsville, County of Schuylkill, Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

6. On or around December 23, 2013, Plaintiff began her employment with Defendant, Conewago Pottsville,

7. Plaintiff's job duties as a program monitor included, care taker, teaching life skills, transport clients, provide medications and treatment, surveillance of clients and provide security measures, and escort clients to meetings.

8. During the course of her employment, Plaintiff, on numerous occasions, observed another employee of Conewago Pottsville, Nick Nastasee, taking a large number of long breaks, not doing his job, taking numerous smoke breaks, and sleeping while on the job.

9. Plaintiff brought the actions and inactions of Nick to her immediate supervisor, Shanda Potter, including complaints of harassment on the job by this co-worker.

10. Ms. Potter did not take any actions against Nick, and his lack of work and poor work quality continued and worsened.

11. On numerous occasions Plaintiff attempted to speak to the Facility Direct, Defendant Charles Fritz, about Nick's not fulfilling his job duties which were resulting in other Conewago Pottsville employees having to do his tasks as well as their own.

12. On or around June 18, 2015, Plaintiff was finally able to speak to Defendant Fritz about Nick's behavior and that said behavior was a detriment and danger to the clients served by Firetree and Conewago.

13. Defendant Fritz did not take any actions against Nick and stated to Plaintiff that he did not want to hear about it and he did not need people tattling on other employees.

14. The following day, June 19, 2015, Plaintiff received a group text message informing her that her employment with Conewago Pottsville and Firetree was terminated.

15. In August 2015 Plaintiff applied for a job with the Department of Homeland Security (hereinafter "DHS").

16. Plaintiff began employment with DHS but was terminated nine months into her job, after security/background checks by DHS checking with Plaintiff's past employer, Defendant Conewago Pottsville falsely informed the DHS that Plaintiff was shortly terminated thereafter from her employment due to allegations of misconduct in employment, general behavior and conduct violations, and unprofessional behaviors.

17. Throughout her employment with Defendants Firetree and Conewago, Plaintiff was never written up for misconduct of any sort.

## COUNT I
## PLAINTIFF vs. DEFENDANTS
## PENNSYLVANIA AND FEDERAL WHISTLEBLOWER LAW(S)

18.     Paragraphs 1 through 17 are incorporated herein as though fully set forth within this Count.

19.     The defendants' actions and inactions, through its management, agents, servants, and employees in wrongfully terminating Plaintiff from her position at Conewago Pottsville in retaliation for her good faith opposition to her employer allowing employees to blatantly disregard their job duties on a daily basis in a manner that is detrimental and a danger to the clients served by defendants, constitutes a violation of the Pennsylvania and Federal Whistleblower Law(s).

20.     As a direct and proximate result of the aforementioned unlawful retaliatory practices engaged in by the defendants which are in violation of the PA and Federal Whistleblower Law(s) aimed to protect Plaintiff's communications, Plaintiff has suffered emotional distress, humiliation, embarrassment, and a loss of earnings and loss of future earnings.

21.     Defendant's actions, inactions, and termination of Plaintiff was a direct and proximate result of the intent to suppress, inhibit, and subdue the plaintiff's duties and obligations to advocate for the program participants as part of her employment obligations, and her obligations to report unfair, unlawful, and unethical actions and inactions by the defendants.

22.     The termination of the plaintiff by the defendants was improper, in retaliation, and intentionally geared to result in the harm to the plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in her favor and against the Defendants, jointly and severely, in an amount in excess of $75,000 together with any further relief that this Honorable Court deems just and proper.

## COUNT II
## PLAINTIFF vs. DEFENDANTS
## WRONGFUL DISCHARGE

23. Paragraphs 1 through 22 are incorporated herein as though fully set forth within this Count.

24. The defendants' actions and inactions, through its management, agents, servants, and employees in wrongfully terminating Plaintiff from her position at Conewago Pottsville in retaliation for her opposition to her employer allowing employees to blatantly disregard their job duties on a daily basis in a manner that is detrimental and a danger to the clients served by defendants, constitutes a violation of the well-established public policy of the Commonwealth of Pennsylvania.

25. It is a clear mandate of the public policy of the Commonwealth of Pennsylvania that employees report wrong doings and violation of the law to a supervisor.

26. Plaintiff was never written up or reprimanded for any misconduct or behavior issues and was only terminated for reporting a fellow employee's disregard for his job duties to the detriment and hazard of the clients who receive services from the defendants.

27. The termination of Plaintiff's employment by the Defendants, through its management, agents, servants, and employees was willful, malicious, wanton, in bad faith, and in disregard of plaintiff's rights and interests.

28. As the direct and proximate result of the willful, wanton, and negligent action of the defendants, plaintiff has suffered a loss of earnings, financial detriment, and loss.

29. As a further direct and proximate result of the willful, wanton, and negligent and of the defendants, plaintiff has suffered emotion distress, discomfort, embarrassment, injury, pain, and suffering.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in his favor and against the Defendants, jointly and severely, in an amount in excess of $75,000 together with any further relief that this Honorable Court deems just and proper.

## COUNT III
## PLAINTIFF vs. DEFENDANTS
## BREACH OF EMPLOYMENT CONTRACT

30. Paragraphs 1 through 29 are incorporated herein as though fully set forth within this Count.

31. Plaintiff entered into an oral contract for employment in which she would perform all duties of her position of program monitor in exchange for wages.

32. The employment contract had no end date and she would not be terminated as long as plaintiff continued to do the duties of her position.

33. Plaintiff performed all duties of her employment and was never reprimanded nor had a write up for misconduct.

34. Defendants terminated plaintiff after she reported an employee for ongoing misconduct which was detrimental and a hazard to the clients who received services from the defendants.

35. Plaintiff's termination by the Defendants constitutes a breach of the oral employment contract.

36. As the direct and proximate result of the breach of the employment contract on the part of the defendants, plaintiff has suffered a loss of earnings, financial detriment, and loss.

37. As a further direct and proximate result of the breach of the employment contract on the part of the defendants, plaintiff has suffered a loss of earnings, financial detriment, and loss.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in his favor and against the Defendants, jointly and severely, in an amount in excess of $75,000 together with attorney fees, punitive damages, costs, and any further relief that this Honorable Court deems just and proper.

## COUNT IV
## PLAINTIFF vs. DEFENDANTS
## RESPONDEAT SUPERIOR

38. Paragraphs 1 through 37 are incorporated herein as though fully set forth within this Count.

39. Defendant Charles Fritz was acting on behalf of the Defendants Conewago Pottsville and Firetree when he terminated plaintiff.

40. Defendant Fritz was acting on behalf of the defendant Conewago and Firetree when Defendant Fritz wrongfully and in retaliation discharged the plaintiff.

41. Defendants Conewago and Firetree are liable for the actions and inaction of its employees, agents, managers, and servants.

42. The actions and inactions of Defendant Fritz during the scope of his employment with Defendants Conewago and Firetree were a direct and proximate cause of the damages sustained by the plaintiff.

DATE 6/19/17

Respectfully submitted,

Stanley J. Brassington, Esquire
Attorney for Plaintiff
Pa Attorney ID #52302
120 East Main Street
Schuylkill Haven, PA. 17972
P (570) 385-5500
F (570) 385-3883
brasslaw@cs.com