# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JON ANN CROMYAK, | : | No. 3:17cv1076 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CONEWAGO POTTSVILLE, and | : | |
| FIRETREE, LTD, and CHARLES | : | |
| FRITZ, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is a motion to dismiss filed by Defendant Conewago Pottsville, Defendant Firetree, LTD, and Defendant Charles Fritz. Defendants' motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiff filed the instant complaint on June 20, 2017. (Doc. 1, Compl.). Plaintiff avers in her complaint that on December 23, 2013, she began working for Defendant Conewago Pottsville as a program monitor. (Id. ¶ 6). Plaintiff had various job responsibilities including taking care of clients, teaching life skills, transporting clients, providing medications and treatment, surveillance of clients, providing security measures, and escorting clients to meetings. (Id. ¶ 8). Throughout her employment, plaintiff maintained a discipline-free record at

Conewago Pottsville and was never written up for misconduct of any sort. (Id. ¶ 17).

Plaintiff alleges that at some point during her employment, she began observing a fellow employee by the name of Nick Nastasee "taking numerous long breaks, not doing his job, taking numerous smoke breaks, and sleeping while on the job." (Id. ¶ 8). Plaintiff brought Nastasee's behavior as well as complaints of alleged harassment by Nastasee to the attention of her supervisor, Shanda Potter. (Id. ¶ 9). When no action was taken against Nastasee by Potter, plaintiff began trying to contact Defendant Charles Fritz, the Facility Director. (Id. ¶ 12). After numerous attempts, plaintiff finally spoke to Defendant Fritz on June 18, 2015 about Nastasee's behavior. (Id.) Defendant Fritz stated to the plaintiff that "he did not want to hear about it and he did not need people tattling on other employees." (Id. ¶ 13). Again, no action was taken against Nastasee. (Id.)

The following day, on June 19, 2015, plaintiff received a text message that she was terminated from her employment with Conewago Pottsville and Firetree. (Id. ¶ 14). Plaintiff retained new employment in August of 2015 with the Department of Homeland Security, but was terminated after her security and background check was processed. (Id. ¶ 16). She alleges that Defendant Conewago Pottsville falsely informed the Department of Homeland Security that Plaintiff was terminated from her employment with Conewago Pottsville due to

"allegations of misconduct in employment, general behavior and conduct violations, and unprofessional behaviors." (Id.)

Based upon these facts, plaintiff filed the instant complaint. The causes of action she asserts are: Count I -- violation of the Pennsylvania Whistleblower Law, 43 P.S. § 142 and violation of the Whistleblower Protection Act of 1989, 5 U.S.C.S. § 2302(b)(8); Count II -- wrongful discharge; and Count III -- breach of employment contract. Under the title "Count IV," plaintiff alleges a *respondeat superior* claim.

Defendants have filed a motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(B)(6) for failure to state a legally valid claim. (Doc. 5). Plaintiff filed a brief in opposition to this motion (Doc. 8) in which she withdraws all of the abovementioned claims with the exception of wrongful discharge, bringing this case to its present posture.

**Jurisdiction**

Count I of plaintiff's complaint asserts a cause of action for a violation of the Whistleblower Protection Act of 1989, 5 U.S.C.S. § 2302(b)(8). Because this cause of action falls under the United States Constitution, plaintiff invokes this court's federal question jurisdiction. See 28 U.S.C. § 1331. Federal question jurisdiction provides that "the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." Id.

Because we have original jurisdiction over plaintiff's Whistleblower Protection Act of 1989 claim, we have supplemental jurisdiction over plaintiff's state law claims. The law provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

**Legal Standard**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal

4

evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

**Discussion**

Defendants move to dismiss plaintiff's complaint for failure to state a legally valid claim. In response, plaintiff withdraws Count I, violation of the Pennsylvania Whistleblower Law, 43 P.S. § 142 and violation of the Whistleblower Protection Act of 1989, 5 U.S.C.S. § 2302(b)(8); Count II, breach of contract; and all claims against Defendant Charles Fritz, which we interpret as plaintiff's Count IV. (Doc. 8 at 7). The sole remaining claim is a wrongful discharge claim against Defendant Conewago Pottsville and Defendant Firetree.

Prior to plaintiff's withdrawal, plaintiff's complaint stated a single federal-law claim and a number of state-law claims. Plaintiff was able to establish federal question jurisdiction under Count I, the Whistleblower Protection Act of 1989, 5 U.S.C.S. § 2302(b)(8). Because this is a civil action in which we had original jurisdiction, the state law claims fell within our jurisdiction because they derived from the same nucleus of operative facts as the federal-law claim: Conewago

Pottsville's dismissal of plaintiff. Dismissal of the Whistleblower Protection Act of 1989 claim removes the basis of our original jurisdiction.

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993). In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte.* Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).

The sole remaining claim in plaintiff's complaint, the wrongful discharge claim, is based on Pennsylvania state law. The supplemental jurisdiction statute enumerates situations in which district courts can refuse to exercise supplemental jurisdiction. Specifically, this court may decline to exercise supplemental jurisdiction over state law claims if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4)

in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(3). Here, plaintiff herself has withdrawn the one claim over which the court had original jurisdiction. Thus, we choose not to exercise supplemental jurisdiction over the wrongful discharge claim.

In making this determination, we consider the procedural posture of this case. The law provides that where litigation is in its early stages and the complaint asserts federal question jurisdiction, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). Here, plaintiff filed her complaint on June 20, 2017. (Doc. 1). Defendant's first pleading in this case was the instant motion to dismiss which was filed September 1, 2017. (Doc. 5). The parties have not yet conferred with the court on a discovery plan, nor is there one scheduled in light of the pending motion. Because litigation in this case is clearly in its early stages, we find that it is appropriate to decline to exercise jurisdiction. Plaintiff is free to file this claim in the appropriate state court if she so chooses.

**Conclusion**

Counts I, II and IV are withdrawn and we will dismiss Count III without prejudice to plaintiff seeking relief in an appropriate state court. An appropriate order follows.

**Date: October 25, 2017**                    s/ James M. Munley
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**